FILED

SEP 5 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, SWAN VIEW COALITION, ALLIANCE FOR THE WILD ROCKIES, and NATIVE ECOSYSTEMS COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>RICH KEHR, U.S. Forest Service Swan Lake District Ranger, CHIP WEBER, U.S. Forest Service Flathead National Forest Supervisor, LEANNE MARTEN, U.S. Forest Service Region One Forester, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>Defendants. | CV 17–120–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs' Motion for Injunction Pending Appeal (Doc. 25) of the Court's July 16, 2018 order granting Defendants' Motion for Summary Judgment (Doc. 12) regarding the Beaver Creek Landscape Restoration Project (the "Project") near Condon, Montana. Plaintiffs file this motion because logging and road construction may commence in late October 2018, whereas its appeal is not likely to be resolved for quite some time.

-1-

The Project authorizes numerous activities related to road maintenance, including the cutting of 7.5 miles of temporary roads, decommissioning some, and placing others into intermittent storage. Additionally, the Project authorizes various pre-commercial thinning and silvicultural treatments. Plaintiffs request an injunction pending appeal under the Endangered Species Act ("ESA"). (Doc. 26 at 6–8.) For the reasons explained, Plaintiffs' motion is denied.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A petitioner seeking an injunction, whether it is an injunction pending an appeal or otherwise, must show: (1) it is likely to suffer irreparable harm absent a preliminary injunction; (2) that it is likely to succeed on the merits; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Id.* at 20. Petitioners seeking an injunction must show more than the possibility of irreparable harm. *Id.* at 22. Petitioners must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in original). Once the petitioner shows that irreparable harm is likely, the other factors are assessed on a sliding scale. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). For instance, if, after demonstrating likely irreparable harm, a petitioner also makes a strong showing on the public interest and equities

prongs, then an injunction may issue so long as the petitioner raises "serious questions going to the merits." *Id.* A petitioner in such cases is thus relieved of the requirement that it demonstrate that it is likely to succeed on the merits, and may succeed on the lesser "serious questions" standard. *Id.* When the federal government is a party, the balance of equities and public interest factors may be merged. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

In ESA cases, the four-part test is altered so that the public interest and balance of equities factors always weigh in favor of the plaintiff's request for an injunction. *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1090–91 (9th Cir. 2015). "[T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). Notwithstanding the above, the Plaintiffs must still "make a showing on all four prongs." *Cottrell*, 632 F.3d at 1134–35.

Plaintiffs argue that an injunction pending appeal is necessary because there are "serious questions" regarding the Court's determination that the Project complied with Amendment 19's road density objectives in the Buck Holland grizzly bear subunit. Plaintiffs also argue that there are "serious questions" regarding the Court's determination that a new Biological Opinion is not required

-3-

to measure the effects of the Amendment 19 on seven additional grizzly bear subunits.

For the reasons more fully explained in the Court's order granting Defendants' Motion for Summary Judgment (Doc. 21), the Court does not believe that Plaintiffs have met their burden. First, even despite the Court's conclusion that the Project as a whole complied with Amendment 19's standards and objectives, the Buck Holland subunit arguably has until December 31, 2018 to bring that subunit into compliance with the ten-year objectives. *See Swan View Coalition v. Weber*, 52 F. Supp. 3d 1133, 1148 (D. Mont. 2014). Next, the Court concludes that Plaintiffs have not shown that the application of Amendment 19 to the seven additional subunits was "new information" that was "not previously considered" when the roads within the transferred lands were included in the access calculations of the 2014 Biological Opinion. Having made, at best, a weak showing that Plaintiffs are likely to succeed on the merits, Plaintiffs must show a significant degree of harm in order to prevail. *Humane Soc'y of U.S.*, 523 F.3d at 991.

Both issues raised by Plaintiffs pertain to the Project's impact on grizzly bears and grizzly bear habitat, and Plaintiffs frame their request for an injunction under the ESA. Plaintiffs must therefore allege some indication that the Project is likely to irreparably harm grizzly bear species or habitat, causing harm to

-4-

Plaintiffs' ability to enjoy that species. Further, to obtain relief, Plaintiffs must show irreparable harm is *likely*, not just possible. *Cottrell*, 632 F.3d at 1131 (citing *Winter*, U.S. at 22). A plaintiff cannot simply allege imminent harm; it must demonstrate it. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674.

First, regardless of Plaintiffs' belief that Defendants were required to reinitiate consultation with the Fish and Wildlife Service regarding implementation of Amendment 19 on seven new grizzly bear subunits, Plaintiffs fail to establish any connection between the newly implemented management directives and any adverse effect on grizzly bears causing irreparable injury to Plaintiffs' members interests. Nor is any such argument factually persuasive; Plaintiffs themselves conceded at a hearing that the only effect from Amendment 19 has been positive on local grizzly populations. *See also* AR 60666. Second, Plaintiffs' assertion that the Project violates NFMA because the Buck Holland grizzly bear subunit will not immediately meet road management objectives, also fails its necessary showing. Plaintiffs cannot allege that the Project is likely to harm their interests when the Project improves conditions in that subunit by diminishing road density. Plaintiffs' argument is that the Project does not do *enough* to decrease road density. This is a far cry from demonstrating that harm to the species will result

-5-

absent an injunction.

Because Plaintiffs must demonstrate an adequate showing on all four prongs of the *Winter* test and has failed to do so on the first two prongs, the Court need not discuss the balance of harms and public interest with respect to Plaintiffs' claims. The Court denies the motion.

Accordingly, IT IS ORDERED that Plaintiff's motion for injunction pending appeal (Doc. 25) is DENIED.

DATED this 5th day of September, 2018.

Dana L. Christensen, Chief District Judge
United States District Court